**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SYLVIA C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-1270-PRW** |
| | ) | |
| **FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Sylvia C.[1] (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. Doc. 1; 42 U.S.C. §§ 405(g), 1383(c)(3). United States District Judge Patrick R. Wyrick referred the case to the undersigned Magistrate Judge for submission of findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B), (C), and Federal Rule of Civil Procedure 72(b). Doc. 19.[2]

---

[1] The Court refers to Plaintiff by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that the Administrative Law Judge (ALJ) failed to account for Plaintiff's mild mental limitations and failed to comply with SSR 19-2p in evaluating Plaintiff's obesity. Doc. 11, at 3-15. After careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the undersigned recommends that the Court reverse the Commissioner's decision. *See* 42 U.S.C. § 405(g). The undersigned finds that the ALJ's failure to consider Plaintiff's mental limitations at step four requires remand, *see* Doc. 11, at 3-12, and does not address Plaintiff's additional arguments.

## I. Administrative determination.

### A. Disability standard.

Plaintiff protectively filed a Title II application for disability insurance benefits, alleging disability beginning January 13, 2023. AR 22; *see* 42 U.S.C. §§ 401-434.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration

requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B. Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**C. Relevant findings.**

**1. ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 21-33; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since January 13, 2023, the alleged onset date;

(2) had the severe medically determinable impairments of obesity and lumbar spine impairment;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain restrictions: she can lift or carry, push, or pull twenty pounds occasionally and ten pounds frequently; can sit for six hours out of an eight-hour day and stand or walk a combined total of six hours out of an eight-hour day; can occasionally climb ramps or stairs, but should avoid climbing ladders, ropes, or scaffolds; and can occasionally balance, kneel, stoop, crouch, and crawl;[3]

(5) is unable to perform any past relevant work;

(6) was a younger individual on the date of alleged disability onset;

(7) has at least a high school education;

(8) there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, sales attendant, Dictionary of Occupational Titles (DICOT) 299.677-010; cashier II, DICOT 211.462-010; and routing clerk, DICOT 222.687-022;

(9) had not been under a disability since January 13, 2023.

AR 23-33.

---

[3] "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

**2. Appeals Council's findings.**

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 5-7, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. § 404.981.

**II. Judicial review of the Commissioner's decision.**

**A. Review standard.**

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"). "[T]he threshold . . . is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v.*

*Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

**B. The ALJ's consideration of Plaintiff's mental impairments.**

Plaintiff argues that the ALJ "erred by including no mental limitations in the hypothetical question and RFC." Doc. 11, at 3. At step two, the ALJ reviewed Plaintiff's treatment records from CREOKS Behavioral Health and the report of Ferdinande Djioto, NP, a consultative mental health examiner,

and concluded that "based on the objective evidence and [Plaintiff's] activities, the evidence is consistent with the DDS (mental) determinations, which indicate her mental condition is non-severe." AR 25-26. The ALJ also "considered the [four] broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders . . . known as the 'paragraph B' criteria." *Id.* at 24. In each area, the possible ratings are none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(3). Ultimately, the ALJ determined that Plaintiff had "mild" limitations in all four functional areas and concluded that "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities[.]" AR 24-26.

Though the ALJ found Plaintiff's mental impairments to be non-severe, he was still required to consider their effects in formulating the RFC. *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe."); *accord* 20 C.F.R. § 404.1545(a)(2); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

And in considering the effects of non-severe impairments, the ALJ may not "simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Wells*, 727 F.3d at 1065; *see also* SSR 96-8p, 1996 WL 374184, at *4

(noting that criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment"). Additionally and, "most importantly," "the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence.'" *Wells*, 727 F.3d at 1065 (quoting SSR 96-8p, 1996 WL 374184, at *7).

Here, however, the ALJ did not discuss Plaintiff's mental impairments at all beyond step two, thus failing to meet the Tenth Circuit's standard. *See* AR 27-32. Defendant argues that "the overall record supported the ALJ's finding that no mental workplace restrictions were necessary[]" where Plaintiff "cited primarily physical functional limitations" in her hearing testimony and "stated she was treating her mental impairments with counseling and medication[,]" and "no medical source opined that Plaintiff had any mental functional limitations[.]" Doc. 17, at 13-14. But the ALJ was still required to consider the effects of the non-severe impairments—which he found to be mild limitations in all areas of mental functioning—at step four of the evaluation, and his decision does not demonstrate that he did so.

Though only mild, the ALJ made a finding of functional limitations that, without discussion, he then ignored when determining Plaintiff's RFC. For example, the ALJ noted that Plaintiff "stated she could follow written instructions but had to go back and read them multiple times. Regarding spoken instructions, she stated she usually had to be told multiple times and then confirm what she had been told or she would forget some part of the task[.]" AR 24. But two of the occupations relied on by the ALJ at step five require a reasoning level of 3, meaning Plaintiff must be able "to carry out instructions furnished in written, oral, or diagrammatic form." *See* Sales Attendant, DICOT 299.677-010, 1991 WL 672643 (Jan. 1, 2016); Cashier II, DICOT 211.462-010, 1991 WL 671840 (Jan. 1, 2016); *cf*. Routing Clerk, DICOT 222.687-022, 1991 WL 672133 (Jan. 1, 2016) (reasoning level of 2 requiring Plaintiff "to carry out detailed but uninvolved instructions"). Accordingly, the ALJ's failure to explain the omission of any limitation concerning instructions in the RFC was error. *See Wells*, 727 F.3d at 1065; SSR 96-8p, 1996 WL 374184, at *7 ("[An ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."); *cf. Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) (explaining that, though limitations found at steps two or three do not necessarily translate into functional limitations and restrictions in an RFC assessment, the ALJ must

review the record evidence and conduct a "more detailed" assessment of any mental limitations at the step four RFC assessment). Because the ALJ found limitations at step two, but failed to explain why he ignored those limitations when determining the RFC, the ALJ's RFC determination was flawed and remand is required.

**C. Additional claims of error.**

Because the above issue warrants remand, the Court need not address Plaintiff's other claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court reverse and remand the Commissioner's decision for further administrative proceedings.

The undersigned advises the parties of their right to file objections to this report and recommendation with the Clerk of this Court on or before September 2, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this report and recommendation waives the right to

appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE