**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SYLVIA C.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-24-1270-PRW |

**ORDER**

Before the Court is Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 20), recommending that the Commissioner of Social Security's decision that Plaintiff was not "disabled" under the Social Security Act be reversed and remanded for further administrative proceedings. Plaintiff protectively filed a Title II application for disability insurance benefits.[1] The Administrative Law Judge ("ALJ") assigned to Plaintiff's case issued a decision denying disability benefits, and the Social Security Administration's Appeals Council denied Plaintiff's request for review,[2] "making the ALJ's decision the Commissioner's final decision for [judicial] review."[3] Plaintiff challenged the Commissioner's decision (Dkt. 1), and the case was referred to Magistrate

---

[1] Administrative Record (Dkt. 6-2), at 22.

[2] *Id.* at 6.

[3] *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. § 404.981.

Judge Mitchell (Dkt. 19). The Commissioner did not file any objections to Magistrate Judge Mitchell's Report and Recommendation within the applicable time period.

The Court reviews a Commissioner's final decision only to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards,"[4] but "the failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis."[5] Magistrate Judge Mitchell concluded that the Administrative Law Judge failed to consider the effects of Plaintiff's mental impairments in determining her residual functional capacity ("RFC"), which is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."[6] Although the ALJ found Plaintiff's mental impairments to be non-severe, he was still required to consider their effects in formulating the RFC.[7] In considering the effects of non-severe impairments, an ALJ may not "simply rely on his finding of non-severity as a substitute for a proper RFC analysis."[8] An ALJ's "RFC

---

[4] *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

[5] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted).

[6] R&R (Dkt. 20), at 7–10; SSR 96-8p, 1996 WL 374184, at *1.

[7] *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe."); *accord* 20 C.F.R. § 404.1545(a)(2); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

[8] *Wells*, 727 F.3d at 1065; *see also* SSR 96-8p, 1996 WL 374184, at *4.

assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."[9]

The ALJ also failed to explain whether and how Plaintiff's mental impairments impacted his determination that "there are jobs that exist in significant numbers in the national economy that the claimant can perform."[10] Several occupations the ALJ relied on for this determination require Plaintiff to be able "to carry out instructions furnished in written, oral, or diagrammatic form,"[11] but he also noted that Plaintiff "stated she could follow written instructions but had to go back and read them multiple times," and "usually had to be told [oral instructions] multiple times and then confirm what she had been told or she would forget some part of the task."[12] Accordingly, the ALJ's failure to explain the omission of any limitation concerning instructions in the RFC was error.[13]

The Court agrees with the Report and Recommendation's reasoning and conclusions. Because the above issue warrants remand, the Court need not address

---

[9] *Wells*, 727 F.3d at 1065 (quoting SSR 96-8p, 1996 WL 374184, at *7).

[10] *See* Administrative Record (Dkt. 6-2), at 33–34.

[11] Sales Attendant, DICOT 299.677-010, 1991 WL 672643 (Jan. 1, 2016); Cashier II, DICOT 211.462-010, 1991 WL 671840 (Jan. 1, 2016); *cf.* Routing Clerk, DICOT 222.687-022, 1991 WL 672133 (Jan. 1, 2016) (reasoning level of 2 requiring a job holder "to carry out detailed but uninvolved instructions").

[12] *See* Administrative Record (Dkt. 6-2), at 24, 33–34.

[13] *See Wells*, 727 F.3d at 1065; SSR 96-8p, 1996 WL 374184, at *7 ("[An ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."); *cf. Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) (explaining that, though limitations found at steps two or three do not necessarily translate into functional limitations and restrictions in an RFC assessment, the ALJ must review the record evidence and conduct a "more detailed" assessment of any mental limitations at the step four RFC assessment).

Plaintiff's other claims of error.[14] Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 20) in full and **REVERSES** and **REMANDS** the Commissioner's Decision (Dkt. 6-2 at 6) for further consideration consistent with this opinion.

**IT IS SO ORDERED** this 10th day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[14] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.")